CLEMENT AND HO,
A Professional Law Corporation
RANDALL J. CLEMENT, Cal. Bar No. 193443
201 W. Whiting Avenue
Fullerton, California 92832
Telephone: (714) 882-5794
Facsimile: (714) 882-5795
randy@clementandholaw.com

Attorneys for Plaintiff JUUL Labs, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUUL LABS, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>SHREE RAMADHUTA, INC., a North Carolina corporation; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. 3:19-cv-4024<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>**(1)  TRADEMARK INFRINGEMENT (15 U.S.C §1114);**<br>**(2)  FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a));**<br>**(3)  UNFAIR COMPETITION (15 U.S.C. §1125(a)); and**<br>**(4)  UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, *et seq.*)** |

Plaintiff JUUL Labs, Inc. ("Plaintiff" or "JUUL"), for its complaint against defendant Shree Ramadhuta, Inc., a North Carolina corporation, and DOES 1-10 (all

defendants collectively may be referred to hereinafter as the "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is the designer, manufacturer, and distributor of JUUL-branded electronic nicotine delivery systems and other related products.

2. Due to the success of Plaintiff's JUUL-brand of products and the outstanding reputation they have gained, Plaintiff's products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on the goodwill and reputation Plaintiff has spent considerable effort and resources to build.

3. Specifically, wrongdoers have counterfeited JUUL products by illegally manufacturing and distributing fake, copied, and non-genuine versions of JUUL products and related packaging.

4. These wrongful, malicious, and illegal acts not only damage Plaintiff, but also endanger public safety given the category of products at issue.

5. Through this action, Plaintiff combats the distribution of these unlawful and dangerous counterfeit products.

## PARTIES

6. Plaintiff JUUL Labs, Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 560 20th Street, San Francisco, CA 94107.  JUUL conducts business within this judicial district.

7. Defendant Shree Ramadhuta, Inc. is a corporation organized and existing under the laws of the State of North Carolina and having its principal place of business at 2605 Central Ave, Charlotte, North Carolina 28205.  Defendant Shree Ramadhuta, Inc. does business as a store named "Food Mart" at its location.

8. This action concerns an evolving investigation of the true identities of additional wrongdoers and potential alter-ego liability, particularly due to currently undisclosed information in the possession of Defendants.  Therefore, Plaintiff is

ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when determined.  Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of each and all of them.

## **JURISDICTION AND VENUE**

9. This Court has exclusive subject matter jurisdiction over this case pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a), and 1338(b) because (i) claims herein arise out of federal trademark laws as codified in 15 U.S.C. §1114 and 15 U.S.C. §1125(a) (*i.e.* trademark infringement, false designation of origin, and unfair competition); and (ii) the unfair business practices claim herein is brought with and is related to the substantial claims based on trademark laws.  This Court also has supplemental jurisdiction over Plaintiff's claims arising under common law or the laws of California pursuant to 28 U.S.C. §1367(a) because the claims are so related to Plaintiff's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10. This Court has specific personal jurisdiction over Defendants.  First, Defendants have purposefully directed their activities toward California. Defendants have committed intentional acts, *i.e.*, actions constituting or related to trademark infringement, aimed at Plaintiff in California where Plaintiff holds its intellectual property, and which therefore have caused harm Defendants knew or should have known would be suffered in California.  Prior to the filing of this matter, Plaintiff communicated to Defendants via cease-and-desist correspondence originating from California.  Unfortunately, Defendants have continued with their intentional acts to infringe Plaintiff's intellectual property rights as described herein. Second, Plaintiff's claims herein arise out of and relate to Defendants' forum-related

activities because Defendants conduct has harmed Plaintiff in California and this judicial district, including by depriving Plaintiff of revenue, diminishing Plaintiff's goodwill, and/or diluting Plaintiff's trademarks. Third, this Court's exercise of specific personal jurisdiction is reasonable and comports with fair play and substantial justice.

11. Venue is proper in this judicial district for these claims pursuant to 28 U.S.C. §1391(b). As described herein, a substantial part of the events giving rise to these claims occurred in this judicial district and a substantial part of property that is the subject of this action is situated in this judicial district, and, therefore, Defendants have extensive contacts with this judicial district relating to Plaintiff's claims. Defendants have conducted and continue to conduct regular and systematic intentional acts violating the intellectual property rights of Plaintiff held in California and in this judicial district. Further, the deference to Plaintiff's choice of forum should be recognized.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

JUUL Trademarks

12. Plaintiff is the exclusive owner of federally-registered, registration-pending, and common law trademarks. For example, Plaintiff owns the following United States Trademark Registrations:

| Depiction of Trademark | Registration No. and Date | (1) First Use<br>(2) In Commerce |
|---|---|---|
| JUUL® | 4,818,664<br>(09-22-2015) | (1) 06-01-2015<br>(2) 06-01-2015 |
| JUUL® | 4,898,257<br>(02-09-2016) | (1) 06-01-2015<br>(2) 06-01-2015 |

13. True and correct copies of the Registration Certificates for the above-listed trademarks are attached hereto as Exhibit A. Hereinafter, Plaintiff may sometimes utilize the phrase "Plaintiff's Marks" to refer to, collectively, Plaintiff's federally-registered, registration pending, and common law trademarks.

-4-
COMPLAINT

14. Plaintiff's Marks appear clearly on JUUL Products, as well as the packaging and advertisements related to such products.

15. Plaintiff's Marks, as well as the goodwill arising from such trademarks, have never been abandoned.

16. Plaintiff continues to preserve and maintain its rights with respect to Plaintiff's Marks, including those registered with the United States Patent and Trademark Office.

17. JUUL Products have achieved an extraordinary reputation and have garnered extensive coverage by the media.

18. Through the extensive use of its trademarks, Plaintiff has spent substantial time, money, and effort in developing consumer recognition and awareness of its brand. Plaintiff advertises nationwide, including through its website, and sells its products through its nationwide authorized network. Plaintiff also advertises and sells its products internationally. Plaintiff has built up and developed significant goodwill in its entire product line and Plaintiff's products are immediately identified by Plaintiff's Marks.

<u>JUUL Products</u>

19. JUUL designs, manufactures, distributes, advertises, and sells a variety of products that bear or are marketed under the JUUL Marks, including electronic nicotine delivery systems, nicotine pods, and other related products (collectively, "JUUL Products").

<u>Counterfeit Sales</u>

20. Beginning on a date that is currently unknown to Plaintiff, Defendant Shree Ramadhuta, Inc. and, on information and belief, certain of the fictitiously named Defendants, without the consent of Plaintiff, have offered to sell and sold, and/or facilitated the offer and sale of, goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff, all by using reproductions, counterfeits,

copies and/or colorable imitations of JUUL Products and Plaintiff's Marks ("Counterfeit Goods").

21.  The Counterfeit Goods sold by such Defendants bear counterfeit and confusingly similar imitations of Plaintiff's Marks in a manner likely to be confused with genuine JUUL Products.

22.  On April 25, 2019, a representative of Plaintiff made an in-person identification of Counterfeit Goods for sale at the Food Mart store owned and operated by Defendant Shree Ramadhuta, Inc.

23.  Also on April 25, 2019, Defendant Shree Ramadhuta, Inc. was served by hand delivery with a cease-and-desist correspondence by Plaintiff's counsel. This cease-and-desist correspondence provided specific notice to Defendant Shree Ramadhuta, Inc. of the following, among other items: (i) Plaintiff had confirmed the sale of Counterfeit Products; (ii) JUUL demanded that Defendant cease the sale, manufacture, advertisement, and importation of Counterfeit Products; (iii) Plaintiff owns the Plaintiff's Marks; (iv) federal and state statutes prohibit the sales of Counterfeit Products and allow for monetary judgments against violators; and (v) further sales of Counterfeit Products would constitute willful infringement under federal law.

24.  On May 16, 2019, Plaintiff further investigated Defendant Shree Ramadhuta, Inc. and a JUUL-branded product was purchased from its Food Mart store.  Plaintiff subsequently inspected this product and confirmed that the purchased product is counterfeit.

25.  Defendant Shree Ramadhuta, Inc. is an authorized JUUL retailer with knowledge of prohibition against the distribution, advertisement, offering for sale, and sale of non-genuine merchandise bearing Plaintiff's Marks, or any variations thereof.

26.     Defendants use words, symbols, images, designs, and names confusingly similar or identical to Plaintiff's Marks to confuse consumers and aid in the promotion and sales of the Counterfeit Goods.

27.     Defendants' counterfeit sales outlined above are likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the products are authorized by Plaintiff.  Purchasers and prospective purchasers using or simply viewing Defendants' Counterfeit Goods and who perceive a defect, lack of quality, or any other irregularity are likely to mistakenly attribute the issue to Plaintiff, to the detriment of Plaintiff's business and brand.

28.     The likelihood of confusion, mistake, and deception brought about by Defendants' misappropriation of the Plaintiff's Marks is causing irreparable harm to the goodwill symbolized by the Plaintiff's Marks and the reputation for quality that said marks embody.

29.     Defendants' unauthorized use of Plaintiff's Marks began after Plaintiff legally established the existence and significant value of such trademarks, including after Plaintiff's adoption and use of it trademarks and after Plaintiff obtained the trademark registrations described above.

30.     Defendants' infusion of the Counterfeit Goods into the marketplace reflects adversely on Plaintiff, results in economic loss to Plaintiff including loss of sales of genuine JUUL Products, damages the goodwill of Plaintiff's brand, and thwarts Plaintiff's honest efforts and considerable expenditures to promote its genuine JUUL Products using Plaintiff's Marks.

31.     Further, Defendants' actions also endanger public safety given the category of products at issue.  Beyond confusing and deceiving consumers, the Counterfeit Goods are likely to cause direct actual damage to the purchasing public given their status as inhaled products of inferior quality and untested compositions.

## FIRST CAUSE OF ACTION

(Trademark Infringement – Counterfeit Goods (15 U.S.C §1114)

Against All Defendants)

32. Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 31 as though set forth fully herein.

33. Plaintiff's Marks, as well as the goodwill arising from such trademarks, have never been abandoned. Plaintiff's Marks appear clearly on JUUL Products, as well as the packaging and advertisements related to such products. Plaintiff continues to preserve and maintain its rights with respect to Plaintiff's Marks.

34. Defendants' actions to sell and distribute the Counterfeit Goods which use spurious designations that are identical to, or substantially indistinguishable from, Plaintiff's Marks as described herein are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Products are genuine or authorized JUUL Products.

35. The foregoing acts of Defendants constitute direct, contributory, and/or vicarious trademark infringement in violation of 15 U.S.C. §1114.

36. Plaintiff has been damaged as a result of Defendants' infringement of Plaintiff's Marks. Plaintiff alleges, on information and belief, that Defendants' sale and distribution of the Counterfeit Goods have resulted in lost sales to Plaintiff, have reduced the business and profits of Plaintiff, and have greatly injured the general reputation of Plaintiff, all to Plaintiff's damage in an amount not yet ascertainable, but will be determined at the time of trial or incorporated into requests for statutory damages.

37. Plaintiff alleges, on information and belief, that Defendants, individually and collectively, have derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

38.     On information and belief, Defendants acted intentionally and/or willfully in infringing upon Plaintiff's Marks through sale and distribution of the Counterfeit Goods, knowing that Plaintiff's Marks belonged to Plaintiff, that the Counterfeit Goods were in fact infringing, and that Defendants were not authorized to infringe upon Plaintiff's Marks through sale and distribution of the Counterfeit Goods.

39.     Defendants' spurious designation of their products also constitute the use by Defendants of at least one "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B).  Therefore, Plaintiff is entitled to recovery of treble damages and to an award of reasonable attorneys' fees pursuant to 15 U.S.C. §§1117(a) and 1117(b).

40.     Because Defendants' actions also constitute the use by Defendants of at least one "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B), Plaintiff reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. §1117(c)(1) or (2).  Plaintiff alleges, on information and belief, that Defendants have knowingly and willfully engaged in the acts complained of with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff.  Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

41.     The acts of direct, contributory, and/or vicarious trademark infringement committed by Defendants have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.  On information and belief, Defendants' actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendants and/or the Counterfeit Goods.

## SECOND CAUSE OF ACTION

(False Designation of Origin – Counterfeit Goods (15 U.S.C. §1125(a)) Against All Defendants)

42. Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 41 as though set forth fully herein.

43. Defendants' unauthorized use of Plaintiff's Marks, brand names, and the other distinctive words, symbols, slogans, color schemes, images, and designs through which Plaintiff presents its Counterfeit Goods to the market constitutes a wrongful and false representation to the consuming public that the Counterfeit Goods sold by Defendants originated from Plaintiff or somehow are authorized by or affiliated with Plaintiff.

44. Defendants' actions as described herein constitute violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, and/or approval of the Counterfeit Goods by Plaintiff. These acts amount to false designations of origin.

45. Plaintiff has been damaged as a result of Defendants' actions described herein. Plaintiff alleges, on information and belief, that Defendants' sale of the Counterfeit Goods has resulted in lost sales to Plaintiff, has reduced the business and profits of Plaintiff, and has greatly injured the general reputation and goodwill of Plaintiff, all to Plaintiff's damage in an amount not yet ascertainable, but will be determined at the time of trial or incorporated into requests for statutory damages.

46. Plaintiff alleges, on information and belief, that Defendants, individually and collectively, have derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

47. On information and belief, Defendants acted intentionally and/or willfully in using Plaintiff's Marks on the Counterfeit Goods, knowing that

Plaintiff's Marks belonged to Plaintiff, that the Counterfeit Goods were in fact counterfeit, and that Defendants were not authorized to use Plaintiff's Marks on the Counterfeit Goods.

48. Defendants' acts of violating 15 U.S.C. §1125(a), directly and/or in contributory or vicarious manner, have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.  On information and belief, Defendants' actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendants and/or the Counterfeit Goods.

## THIRD CAUSE OF ACTION

(Unfair Competition – Counterfeit Goods (15 U.S.C. §1125(a))

Against All Defendants)

49. Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 48 as though set forth fully herein.

50. An express purpose of the Lanham Act is to protect commercial parties against unfair competition.

51. Defendants' unauthorized use of Plaintiff's Marks, brand names, and the other distinctive words, symbols, color schemes, and designs through which Plaintiff presents its products to the market constitutes wrongful and unfair business practices and marketplace bad faith, resulting in inaccurate representations to the consuming public that the Counterfeit Goods sold by Defendants originated from or somehow are authorized by or affiliated with Plaintiff.  Defendants so acted for their own financial benefit in disregard to the harm being caused to Plaintiff.

52. Defendants' actions as described herein constitute violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, and/or approval of the Counterfeit

Goods by Plaintiff.  These acts amount to false representations to compete unfairly with Plaintiff.

53.    Plaintiff has been damaged as a result of Defendants' actions described herein.  Plaintiff alleges, on information and belief, that Defendants' sale of the Counterfeit Goods has resulted in lost sales to Plaintiff, has reduced the business and profits of Plaintiff, and has greatly injured the general reputation and goodwill of Plaintiff, all to Plaintiff's damage in an amount not yet ascertainable, but will be determined at the time of trial or incorporated into requests for statutory damages.

54.    Plaintiff alleges, on information and belief, that Defendants, individually and collectively, have derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

55.    On information and belief, Defendants acted intentionally and/or willfully in using Plaintiff's Marks on the Counterfeit Goods, knowing that Plaintiff's Marks belonged to Plaintiff, that the Counterfeit Goods were in fact counterfeit, and that Defendants were not authorized to use Plaintiff's Marks on the Counterfeit Goods.

56.    Defendants' acts of violating 15 U.S.C. §1125(a), directly and/or in contributory or vicarious manner, have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.  On information and belief, Defendants' actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendants and/or the Counterfeit Goods.

## FOURTH CAUSE OF ACTION

(Unfair Business Practices (Cal. Business & Professions Code §17200, *et seq*.)

Against All Defendants)

57.    Plaintiff re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 56 as though set forth fully herein.

58. Defendants' actions described herein constitute unlawful, unfair, and fraudulent business acts or practices.  Defendants' actions thus constitute "unfair competition" pursuant to California Business & Professionals Code §17200, *et seq*.

59. Plaintiff has suffered an injury in fact, including without limitation, an amount to be proven at trial and diminution in the value of its trademarks and goodwill, as a proximate result of Defendants' unfair competition.

60. Plaintiff requests that the Court order Defendants to disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order Defendants to pay restitution to Plaintiff in an amount to be proven at trial.

61. Defendants' actions have caused, and will continue to cause Plaintiff to suffer irreparable harm unless enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests the following relief against Defendant Shree Ramadhuta, Inc. and Does 1-10, inclusive, and each of them, as follows:

1. An award of Defendants' profits and Plaintiff's damages for trademark infringement under 15 U.S.C §§ 1114 and 1117, trebled, in an amount to be proven at trial;
2. An award of Defendants' profits and Plaintiff's damages for false designation of origin under 15 U.S.C. §1125(a), trebled, in an amount to be proven at trial;
3. An award of Defendants' profits and Plaintiff's damages for unfair competition under 15 U.S.C. §1125(a), trebled, in an amount to be proven at trial;
4. In the alternative to Defendants' profits and Plaintiff's damages for trademark infringement, an award of statutory damages pursuant to 15

U.S.C. §1117(c) of $2,000,000.00 for each of the counterfeited trademarks willfully utilized by Defendants;

5. Restitution and disgorgement in an amount to be proven at trial for unfair, fraudulent, and illegal business practices under California Business & Professions Code §17200;

6. An injunction by this Court prohibiting Defendants, individually and collectively, and their respective agents, servants, employees, and representatives and all persons in active concert and participation with them, during the pendency of this action and permanently thereafter, from: engaging or continuing to engage in the infringing, unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising, sale, distribution, and/or other dealing in any counterfeit JUUL Products, whether fake imitation products or wrongfully altered or defaced genuine products; using without permission any mark or other intellectual property right of Plaintiff; acting to infringe Plaintiff's trademarks; falsely designating the origin of any product to be from Plaintiff; engaging in unfair competition with Plaintiff; or acting in any other manner to derogate Plaintiff's intellectual property rights;

7. An Order requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay Plaintiff their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution;

8. An Order that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

9. Pursuant to 15 U.S.C. §1118, an Order requiring that Defendants and all others acting under Defendants' authority, at their cost, be required

to deliver up to Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, advertisements, and other material in their possession, custody, or control bearing any of Plaintiff's Marks;

10. Treble damages and punitive damages;
11. Plaintiff's reasonable attorneys' fees;
12. All costs of suit;
13. Prejudgment interest; and
14. Such other and further relief as the Court may deem just and equitable.

Dated: July 12, 2019

CLEMENT AND HO,
A PROFESSIONAL LAW CORPORATION

By  /s/ Randall J. Clement
RANDALL J. CLEMENT
Attorneys for Plaintiff
JUUL LABS, INC.